IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

DEMETRIUS GORDON,

   Plaintiff,

    v.

TRACI M. MARKS
individually and in her official
capacity, et al.,

   Defendants.

CIVIL ACTION FILE
NO. 1:13-CV-2262-TWT

**OPINION AND ORDER**

This is a civil rights action. It is before the Court on Traci M. Marks, Carl J. Pierre, and Robert Lemke's Motion for Summary Judgment [Doc. 40] which is GRANTED in part and DENIED in part.

**I. Background**

On July 16, 2012, the Plaintiff, Demetrius Gordon traveled by car with his friend Jamal to the Rockefeller Plaza parking lot in College Park, Georgia.[1] The Plaintiff and Jamal intended to go to Roca Fella's nightclub.[2] When they arrived at the parking lot, however, the Plaintiff noticed four or five police cars pulling in behind

---

[1] Defs.' Statement of Facts ¶¶ 1-2.

[2] Id. ¶ 2.

them.[3] The police made the Plaintiff nervous because he knew he had three outstanding warrants for hijacking a motor vehicle, aggravated assault, and possession of a firearm during the commission of a felony.[4] After Jamal parked the car, the Plaintiff began to walk away from the parking lot to get away from the police.[5] While walking by a female officer, the Plaintiff heard the officer give a description of his clothing.[6] The Plaintiff then began walking faster out of the plaza until he got to an alley, where he remained for approximately thirty seconds.[7] When he saw three or four officers approaching him, the Plaintiff began to run.[8]

Two of the Defendants, Officers Traci Marks and Carl Pierre were in the area responding to a suspicious person call at Roca Fella's.[9] They saw the Plaintiff running and began to pursue him.[10] While the Plaintiff was running, Officer Marks was able

---

[3]   Id. ¶ 3.

[4]   Id. ¶ 4.

[5]   Id. ¶¶ 5-6.

[6]   Id. ¶ 9.

[7]   Id. ¶¶ 10-11.

[8]   Id. ¶ 13.

[9]   Id. ¶ 8.

[10]  Marks Aff. ¶¶ 5-6.

to catch his shirt, causing both of them to fall to the ground.[11] The Plaintiff got up and Officer Pierre attempted to catch him.[12] Officer Pierre and the Plaintiff then fell to the ground.[13] When the Plaintiff got up a second time, he ran again, this time through a Citgo and eventually to the nearby Wendy's.[14] The Plaintiff proceeded to hide under the Wendy's drive-thru sign for about fifteen minutes.[15] Eventually, he realized that the police knew where he was and began to run again.[16]

Officer Robert Lemke, one of the Defendants, was off duty and working an approved extra job near the Wendy's.[17] Once the Plaintiff began to run, Officer Lemke pursued the Plaintiff and attempted to taze him.[18] The taser prong missed and hit a tree.[19] The Plaintiff then lost his footing and fell.[20] After falling, the Plaintiff stayed

---

[11] Defs.' Statement of Facts ¶ 14.

[12] Id. ¶ 15.

[13] Id.

[14] Id. ¶ 16.

[15] Id.

[16] Id. ¶ 19.

[17] Id. ¶ 18.

[18] Id. ¶¶ 18, 20.

[19] Id. ¶ 20.

[20] Id. ¶ 21.

on the ground with his hands behind his back.[21] One of the officers then kicked the Plaintiff in the face.[22] The Plaintiff further alleges that several officers continued to beat him.[23] The Plaintiff conceded at his deposition that it was neither Officer Lemke nor Officer Marks who kicked him.[24] Conversely, he specifically testified that Officer Pierre was one of the officers who attacked him.[25]

The Plaintiff was handcuffed and fingerprinted.[26] His fingerprints revealed that he was wanted for probation violations in Clayton County, Georgia, and on three active warrants for hijacking a motor vehicle, aggravated assault, and possession of a firearm during the commission of a felony.[27] The Plaintiff was then transported to Grady Memorial Hospital for medical attention and was subsequently arrested and charged with obstruction of a law enforcement officer.[28]

---

[21]  Id. ¶ 22.

[22]  Id.

[23]  Gordon Aff. ¶ 18.

[24]  Gordon Dep. at 19, 53, 55.

[25]  Id. at 54.

[26]  Id.

[27]  Defs.' Statement of Facts ¶ 28.

[28]  Id. ¶¶ 30-31.

The Plaintiff brought this lawsuit against Fulton County and Officers Lemke, Marks, and Pierre, in both their individual and official capacities. The complaint alleges claims for excessive force and false arrest under 42 U.S.C. § 1983, as well as state law claims. This Court dismissed Fulton County and the officers in their official capacities on February 10, 2014, because those claims are barred by sovereign immunity.[29] Officers Lemke, Marks, and Pierre now move for summary judgment on the claims against them in their individual capacities.

## II. Legal Standard

Summary judgment is appropriate only when the pleadings, depositions, and affidavits submitted by the parties show no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law.[30] The court should view the evidence and any inferences that may be drawn in the light most favorable to the nonmovant.[31] The party seeking summary judgment must first identify grounds to show the absence of a genuine issue of material fact.[32] The burden then shifts to the nonmovant, who must go beyond the pleadings and present affirmative evidence to

---

[29]   Order Granting Motion to Dismiss, at 2.

[30]   FED. R. CIV. P. 56(c).

[31]   Adickes v. S.H. Kress & Co., 398 U.S. 144, 158-59 (1970).

[32]   Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986).

show that a genuine issue of material fact does exist.[33] "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be a sufficient showing that the jury could reasonably find for that party."[34]

### III. Discussion

#### A.  False Arrest

The claims for false arrest against all the Defendants should be dismissed. On a claim for false arrest, courts must consider whether the officers had arguable probable cause to believe that the plaintiff committed an offense.[35] If "a reasonable officer in the same circumstances and possessing the same knowledge as the officer in question *could* have reasonably believed that probable cause existed in the light of well-established law," then the officer is entitled to qualified immunity on a claim for false arrest.[36]

Here, the officers are entitled to qualified immunity. The facts available to the officers were that they responded to a disturbance call at a night club, and when they approached the Plaintiff, he ran. Then, when one officer finally reached the Plaintiff,

---

[33]  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986).

[34]  Walker v. Darby, 911 F.2d 1573, 1577 (11th Cir. 1990).

[35]  Gold v. City of Miami, 121 F.3d 1442, 1445 (11th Cir. 1997).

[36]  Id. (emphasis in original).

instead of stopping, he continued to run. The Plaintiff then hid under a Wendy's drive-thru sign for ten to fifteen minutes. When the officers discovered him, he ran again. The officers arrested the Plaintiff for obstruction of a law enforcement officer under O.C.G.A. § 16-10-24(a).[37] The statute provides that "a person who knowingly and willfully obstructs or hinders any law enforcement officer in the lawful discharge of his official duties is guilty of a misdemeanor."[38] Additionally, Supreme Court precedent holds that unprovoked flight gives reasonable suspicion to stop a person.[39] This Court concludes that a reasonable officer could have concluded that the Plaintiff was obstructing law enforcement officers when he fled from the police, refused to stop, hid from police, and then fled again. The officers are therefore entitled to qualified immunity on the claim for false arrest because a reasonable officer would have found probable cause to arrest the Plaintiff for obstruction.

Additionally, after the Plaintiff was subdued, the officers ran his fingerprints and determined that he had three outstanding warrants. Thus, any detention after that point was subject to a warrant and cannot be the basis for a false arrest claim. The claim for false arrest against all officers should be dismissed.

---

[37]   Traci M. Marks, Carl. J. Pierre, and Robert Lemke's Mot. for Summ. J., at Ex. B.

[38]   O.C.G.A. § 16-10-24(a).

[39]   Illinois v. Wardlow, 528 U.S. 119, 124-25 (2000).

**B.     Officers Lemke and Marks**

**1.     Excessive Force**

The excessive force claim against Officers Lemke and Marks should be dismissed. The Plaintiff admitted in his deposition that no white officers were around when he was kicked.[40] Officer Lemke is white.[41] He therefore cannot be the officer who allegedly kicked the Plaintiff. When asked in his deposition, the Plaintiff also stated that Officer Marks did not kick him.[42]

Although the Plaintiff claims in his response to the Defendants' motion that all three officers used excessive force and states in his affidavit that all of the officers attacked him, those statements contradict his deposition. The Eleventh Circuit has held that district courts may disregard later sworn responses that are contradictory to previous deposition testimony.[43] This Court disregards the statements that contradict the Plaintiff's clear deposition testimony, which states that neither Officer Lemke nor Officer Marks attacked the Plaintiff. There is therefore no evidence whatsoever that

---

[40]     Gordon Dep. at 19, 55.

[41]     Lemke Aff. ¶ 14.

[42]     Gordon Dep. at 53.

[43]     Hadley v. Gutierrez, 526 F.3d 1324, 1330 (11th Cir. 2008) (citing Van T. Junkins & Assocs., Inc. v. U.S. Indus. Inc., 736 F.2d 656, 657 (11th Cir. 1984)).

would allow a jury to find in favor of the Plaintiff on the excessive force claims against Officers Lemke and Marks.

### 2. State Law Claims

Officers Lemke and Marks are entitled to official immunity from all state law claims. The Georgia Tort Claims Act provides that it "constitutes the exclusive remedy for any tort committed by a state officer or employee. A state officer or employee who commits a tort while acting within the scope of his or her official duties or employment is not subject to lawsuit or liability therefor."[44] Georgia courts have interpreted this to provide for immunity unless an official performs a ministerial act negligently or a discretionary act with actual malice.[45] Here, the Plaintiff concedes that the officers were performing discretionary functions.[46] Additionally, because there is no evidence that Officers Lemke and Marks did anything other than chase and arrest the Plaintiff, there is no evidence that they acted with actual malice or an intent to injure. Officers Lemke and Marks are therefore entitled to official immunity on all of the state law claims. Those claims against them should be dismissed.

### C. Officer Pierre

---

[44] O.C.G.A. § 50-21-25.

[45] Roper v. Greenway, 294 Ga. 112, 113 (2013).

[46] Pl.'s Memo. in Opp'n to Defs.' Mot. for Summ. J., at 16.

### 1. Excessive Force

Officer Pierre contends that he is entitled to qualified immunity on the Plaintiff's claim for excessive force. To be entitled to qualified immunity, an officer must first show that he was acting within the scope of his discretionary authority.[47] Then, the officer is entitled to qualified immunity unless the plaintiff can show that the officer violated a clearly established constitutional right.[48]

Here, the parties appear to agree that Officer Pierre was acting within his discretionary authority. The question remaining is whether there is evidence showing that he violated a clearly established constitutional right. A claim for excessive force arising out of an arrest is judged under the Fourth Amendment's "objective reasonableness" standard.[49] Factors to consider when assessing reasonableness include "(1) the need for the application of force, (2) the relationship between the need and the amount of force used, (3) the extent of the injury inflicted and, (4) whether the force was applied in good faith or maliciously and sadistically."[50] And the Eleventh Circuit

---

[47]   Rich v. Dollar, 841 F.2d 1558, 1563-64 (11th Cir. 1988).

[48]   Wilson v. Layne, 526 U.S. 603, 609 (1999).

[49]   Hadley v. Gutierrez, 526 F.3d 1324, 1329 (11th Cir. 2008) (citing Brosseau v. Haugen, 543 U.S. 194, 197 (2004)).

[50]   Id. (internal quotation marks omitted).

has specifically held that "gratuitous use of force when a criminal suspect is not resisting arrest constitutes excessive force."[51]

The Plaintiff does not exonerate Officer Pierre through his deposition testimony. In fact, he specifically states that he remembers seeing Officer Pierre the night of the arrest.[52] The Plaintiff also states specifically that Officer Pierre was one of the officers who beat him up.[53] Given the evidence that the Plaintiff was allegedly kicked and beaten while on the ground with his hands behind his back, even a single blow to the Plaintiff would constitute excessive force.[54] The right of the Plaintiff to be free from gratuitous force when already subdued has been clearly established by Eleventh Circuit precedent since at least 1998.[55] Officer Pierre is not entitled to qualified immunity on the excessive force claim. There is sufficient evidence to survive the motion for summary judgment.

---

[51] Id. at 1330.

[52] Gordon Dep. at 53.

[53] Id. at 54.

[54] See, e.g., Hadley v. Gutierrez, 526 F.3d 1324, 1330 (11th Cir. 2008) (finding excessive force where the officer punched the suspect once in the stomach and the suspect was not resisting and did not pose a danger).

[55] Id. at 1333-34 (collecting cases).

### 2.   State Law Claims

Officer Pierre, like Officers Marks and Lemke, claims he is entitled to official immunity on all state law claims. As discussed, however, officers performing discretionary functions are not eligible for official immunity if they act with actual malice or an intent to injure. Here, there is evidence that Officer Pierre kicked or otherwise beat up the Plaintiff while he was not resisting. There is no explanation for that type of force other than actual malice or intent to injure. Officer Pierre is not entitled to official immunity. Instead, this Court will determine whether the Plaintiff has produced sufficient evidence to survive summary judgment on the merits of the claims.

#### a.   Intentional Infliction of Emotional Distress

A claim for intentional infliction of emotional distress in Georgia requires the plaintiff to prove intentional or reckless conduct that is extreme and outrageous and caused severe emotional distress.[56] While this Court agrees that kicking and beating a suspect who was on the ground and not resisting qualifies as extreme and outrageous conduct, the claim still cannot stand. The Plaintiff has not produced evidence that he suffered severe emotional distress. He states in his deposition that he is in counseling,

---

[56] Collier v. Kroger Co., 299 Ga. App. 660, 662 (2009).

but provides no evidence that this event produced any emotional distress.[57] Additionally, the Plaintiff provides no evidence that this event *caused* any emotional distress – to the contrary, he testified in his deposition that he had previous mental health issues.[58] Because the Plaintiff has presented evidence of neither causation nor severe mental distress, the claim for intentional infliction of emotional distress must be dismissed.

### b. Negligence

The Plaintiff makes a claim for negligence, arguing that the officers' negligence caused both physical and emotional harm.[59] In their motion for summary judgment, the Defendants argue only that there is no evidence of negligent infliction of emotional distress.[60] As discussed with respect to the claim for intentional infliction of emotional distress, there is no evidence that Officer Pierre's actions caused emotional distress. As to Officer Pierre, therefore, the claim for emotional harm resulting from negligence should be dismissed. The claim for physical harm resulting from negligence should stand.

---

[57] Gordon Dep. at 66.

[58] Id. at 65-66.

[59] Compl. ¶ 57.

[60] Defs.' Mot. for Summ. J., at 23-24.

### c. False Imprisonment

A claim for false imprisonment in Georgia requires a plaintiff to prove that he was detained unlawfully.[61] Probable cause alone is not enough to defeat a claim for false imprisonment based on a warrantless arrest unless the defendant also shows an "exigent circumstance" allowing for that arrest.[62] Here, as discussed, the arrest and detention of the Plaintiff were pursuant to legal process. The officers had justification to arrest under O.C.G.A. § 17-4-20 because an offense (obstruction of a law enforcement officer) was committed in their presence and the offender was attempting to flee.[63] Additionally, as soon as the officers ran the Plaintiff's fingerprints, they had authority to arrest the Plaintiff based on the active warrants. The claim for false imprisonment against Officer Pierre should be dismissed.

### D. Punitive Damages

The Plaintiff requests punitive damages against all the Defendants. Because all claims against Officers Lemke and Marks are dismissed, the claim for punitive damages against them necessarily fails. In section 1983 cases, punitive damages are available when the defendant has an "evil motive" or shows "reckless indifference to

---

[61] Ferrell v. Mikula, 295 Ga. App. 326, 329 (2008).

[62] Id. at 329-30.

[63] O.C.G.A. § 17-4-20(a)(2).

the rights of others."[64] Because there is evidence that Officer Pierre used physical force against the Plaintiff while the Plaintiff was lying on the ground with his hands behind his back, there is sufficient evidence for a jury to find that Officer Pierre had an evil motive or showed reckless indifference to the Plaintiff's rights.

### IV. Conclusion

For the reasons stated above, the Defendants' Motion for Summary Judgment [Doc. 40] is GRANTED in part and DENIED in part.

SO ORDERED, this 7 day of November, 2014.

/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge

---

[64] Smith v. Wade, 461 U.S. 30, 46-49 (1983).